# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-03521-JHN-PLAx | Date | June 11, 2010 |
|---|---|---|---|
| Title | Nancy Ann Abel v. Transportation Security Administration et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER TO SHOW CAUSE RE DISMISSAL        (In Chambers)

On May 11, 2010, Plaintiff brought this action in federal court alleging negligence on the part of the Transportation Security Administration ("TSA") and its employees.  Plaintiff alleges federal jurisdiction pursuant to 28 U.S.C. § 1346.  However, this Court appears to lack jurisdiction.

Under the Federal Tort Claims Act ("FTCA"), "the [federal] district courts have exclusive jurisdiction over claims against the United States for injuries or losses of property caused by the negligent or wrongful act or omission of a government employee."  *Will v. United States*, 60 F.3d 656, 659 (9th Cir. 1995).  However, the FTCA requires that plaintiffs exhaust their administrative remedies before filing a lawsuit.  28 U.S.C. § 2675(a).  In other words, "[a] tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made."  *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).  The Ninth Circuit "[has] repeatedly held that this claim requirement . . . is jurisdictional in nature and may not be waived."  *Id*. (quoting *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)).  Here, the Complaint does not indicate whether Plaintiff has exhausted her administrative remedies, so as to convey jurisdiction on this Court.[1]

**For these reasons, Plaintiff is ORDERED TO SHOW CAUSE, <u>in writing</u>, as to why this case should not be dismissed for lack of subject matter jurisdiction.  Failure to show cause**

---

[1] The Court also notes that Plaintiff names the TSA and ten Does (presumably the employees or agents of Defendant TSA) as Defendants.  However, it appears the TSA is not the proper defendant for this action.  "The Federal Tort Claims Act provides that the United States is the *sole party* which may be sued for personal injuries arising out of the negligence of its employees.  Individual agencies of the United States may not be sued."  *Allen v. Veterans Admin*., 749 F.2d 1386, 1388 (9th Cir. 1984) (emphasis added) (internal citations omitted).  Under 28 U.S.C. § 1346(b), this Court has jurisdiction over tort actions levied against *the United States*, which is not a named defendant in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-03521-JHN-PLAx | Date | June 11, 2010 |
|---|---|---|---|
| Title | Nancy Ann Abel v. Transportation Security Administration et al. | | |

**no later than June 25, 2010 at noon will result in dismissal of this case.**

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |